OPINION
{¶ 1} Appellant, Joshua L. Norfleet, appeals from the judgment of conviction and sentence entered in the Coshocton Municipal Court following a bench trial wherein the trial court found appellant guilty of one count of Assault in violation of R.C. 2903.13(A).
 {¶ 2} Appellant assigns as error:
 I. {¶ 3} "THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 4} During the trial of this matter, appellant testified on his own behalf. According to his own testimony, appellant approached the passenger side of a vehicle and began a verbal confrontation with the alleged victim, Roderick Sumpter, Jr. During this confrontation, Mr. Sumpter exited his vehicle and threw a punch at appellant. This punch glanced off of appellant's chest. After throwing this punch, Mr. Sumpter began to run when he fell on the ice a few feet away from appellant. Appellant admittedly, not in fear of appellant, chased Mr. Sumpter and began to kick and hit him in "retaliation".
 {¶ 5} On August 29, 2003, counsel for appellant notified this Court that he had advised appellant in writing that he was filing a brief pursuant to Anders vs. California (1967), 388 U.S. 924. Counsel for appellant indicated that the appeal was wholly frivolous and, further advised, he had notified appellant of his right to file his own pro se merit brief. No such pro se brief was filed.
 {¶ 6} Additionally, counsel for appellant requested that he be permitted to withdraw as counsel for appellant.
 {¶ 7} When appointed counsel finds a case to be wholly frivolous, after conscientious examination of the record, counsel should so advise the Court and request permission to withdraw, supplying a brief referring to anything in the record that might arguably support the appeal.Anders, supra.
 {¶ 8} In the instant case, we have examined the entire record, and agree with counsel for appellant that the appeal is wholly frivolous. We find nothing in the record before us that would suggest that appellant was denied a fair trial.
 {¶ 9} Moreover, appellant's own testimony was sufficient to support a finding that appellant assaulted Mr. Sumpter.
 {¶ 10} Accordingly, we hereby overrule appellant's sole assigned error and affirm the judgment of conviction and sentence entered in the Coshocton Municipal Court.
 {¶ 11} Attorney Terrence J. Baxter's Motion to Withdraw as Counsel for appellant is hereby granted.
By: Gwin, P.J., Farmer, J. and Edwards, J. concur.